# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | |
| CASE, KEITH L. ) | Case No. 05-05685-TLM |
| ) | |
| Debtor. ) | SUMMARY ORDER |
| ) | |
| _____ ) | |

  The above named Debtor filed a voluntary chapter 13 petition on October 26, 2005.  Several new requirements for filing bankruptcy became effective on October 17, 2005, and therefore apply to Debtor's case.

  Debtor did not file with his petition a certificate from an approved credit counseling agency reflecting that he had obtained credit counseling and briefing within the 180 days prior to filing.  The existence of such counseling is a condition of eligibility to be a debtor under § 109(h)(1).  And it is a debtor's duty to file such a certificate under § 521(b)(1).

  On November 12, Debtor filled out and filed a form "Certification of Completion of Instructional Course Concerning Financial Management" in which he represented that he did not complete a financial management course because he lives in a district in which the U.S. Trustee's office determined the approved

SUMMARY ORDER - 1

Case 05-05685-TLM    Doc 23    Filed 12/13/05    Entered 12/13/05 11:52:00    Desc Main
Document      Page 2 of 5

instructional courses were not adequate to serve the individuals in the district. *See* Doc. No. 12. On the same day, Debtor filed a motion to extend time to meet the § 109(h) credit counseling requirement. *See* Doc. No. 15.

If Debtor intended the first document, Doc. No. 12, to address the eligibility requirements of § 109(h)(1), it is inadequate. This "form" was intended to address the *post*-bankruptcy financial management course required under other provisions of the Bankruptcy Code. And, while the portion of the form completed by Debtor mirrors an exception to the pre-bankruptcy credit counseling found in § 109(h)(2), this Court has previously noted that § 109(h)(2) is not available in the District of Idaho because the U.S. Trustee's office has approved multiple credit counseling agencies. *See In re Rodriguez*, Case No. 05-05694-TLM at Doc. No. 31 at 9 (Bankr. D. Idaho Dec. 9, 2005) (citing http://www.usdoj.gov/ust/eo/bapcpa/ccde/cc_approved.htm#ID which lists approved agencies in this District *and* this Court's Website at www.id.uscourts.gov/BK_Reform/BKReformAct2005.htm which links the U.S. Trustee's Website and list of approved agencies).

The second document Debtor filed, Doc. No. 15, seeking a waiver or exemption under § 109(h)(3), is also inadequate. This Court has analyzed and explained the operation of § 109(h)(3)(A) in *Rodriguez*, *supra*. That Decision is incorporated fully herein by this reference. Consistent with *Rodriguez*, the Court

SUMMARY ORDER - 2

finds and concludes Debtor's submission, Doc. No. 15, is not sufficient to constitute a "certification" as required by the Code.

In addition, the allegations in Doc. No. 15, even if they were to be certified by Debtor as required by the Code, do not meet the requirements of § 109(h)(3)(A). Under § 109(h)(3)(A), a certification must establish that exigent circumstances were present, *and* that Debtor made a pre-bankruptcy request for credit counseling *and* that the agency Debtor contacted advised Debtor such a request could not be accommodated and counseling held within five days of the request. *See* § 109(h)(3)(A)(i), (ii).

While the Court appreciates the fact that Debtor filed his bankruptcy *pro se*, he must still comply with the law. The Court cannot ignore the Bankruptcy Code requirements and, based on the allegations in Doc. No. 15, Debtor did not and cannot meet the requirements of § 109(h)(3) for a temporary exemption from § 109(h)(1)'s counseling requirement. Therefore Debtor's motion, Doc. No. 15, must be and hereby is DENIED.

As no exemption can properly be granted under § 109(h)(3)(A) in this case, Debtor was and is ineligible to be a debtor in bankruptcy. Thus, his case must be and hereby is DISMISSED.

SUMMARY ORDER - 3

DATED: December 13, 2005



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

SUMMARY ORDER - 4

## CERTIFICATE RE: SERVICE

A "notice of entry" of this Decision, Order and/or Judgment has been served on Registered Participants as reflected by the Notice of Electronic Filing. A copy of the Decision, Order and/or Judgment has also been provided to non-registered participants by first class mail addressed to:

Keith L. Case
10 MoonBeam Way
Idaho City, ID 83631

Marilyn L. Gladhart
c/o Skinner Fawcett
P.O. Box 700
Boise, ID   83701


Case No.  05-05685-TLM (Keith L. Case)

Dated:  December 13, 2005

/s/ Jo Ann B. Canderan
Judicial Assistant to Chief Judge Myers

SUMMARY ORDER - 5